# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| **PATRICIA M. AHNEMAN, JR.,** | ) |
| Plaintiff, | ) |
| v. | ) No. 16-cv-02422-JTF-tmp |
| **FEDERAL EXPRESS CORPORATION,** | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

On June 14, 2016, plaintiff Patricia M. Ahneman, Jr., a resident of Cocoa, Florida, filed a *pro se* complaint against defendant Federal Express Corporation ("FedEx"), alleging violations of Title VII of the Civil Rights Act of 1964. (ECF No. 1.) Pursuant to Administrative Order 2013-05 (Apr. 29, 2013), this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation as appropriate. For the reasons set forth below, it is recommended that Ahneman's complaint be dismissed without prejudice.

### I. PROPOSED FINDINGS OF FACT

On November 3, 2016, which was 142 days after Ahneman filed her complaint, the undersigned magistrate judge ordered Ahneman

to serve the defendant and file proof of service by December 15, 2016, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.[1]  (ECF No. 6.)  As of the date of the order, it appeared to the court that Ahneman had failed to timely serve the defendant because there was no proof of service filed on the record, as required by Local Rule 4.1(e), nor was there any other indication that service had been made.  Ahneman was "warned that failure to timely comply with this order may result in the dismissal of her case."  (ECF No. 6 at 2.)  Ahneman failed to meet the court's deadline and, to this date, she has not responded to the court's order in any way.

On November 4, 2016, one day after the court's order, FedEx appeared in the case for the limited purpose of filing a Motion to Dismiss Without Prejudice.[2]  (ECF No. 7.)  In its motion, FedEx asserts that it has not been served process.  Therefore, FedEx moves for Ahneman's complaint to be dismissed without prejudice pursuant to Rules 4(m), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure.

---

[1] Rule 4(m) reads in relevant part: "If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

[2] The timing of FedEx's motion, as it relates to the court's order, appears to be a coincidence.  FedEx does not indicate how it became aware of the complaint (absent service), but that fact does not change the court's analysis of the motion.

Pursuant to this court's Local Rules, Ahneman was allotted time to file a response in opposition to FedEx's motion to dismiss. See LR 12.1(b). Such time has now passed, and no response has been filed. As of the date hereof, Ahneman has not filed proof of service, she has not addressed her apparent failure to perfect service, and she has not appeared in any way in the case since June 14, 2016, the date she filed her complaint.

## II. PROPOSED CONCLUSIONS OF LAW

Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve the defendant with a properly issued summons and a copy of the complaint within 90 days of filing the complaint, absent a showing by the plaintiff of good cause for delay. See Fed. R. Civ. P. 4(c)(1) & 4(m). It has been well more than 90 days since Ahneman filed her complaint, and Ahneman has not indicated to the court in any way that service has been effected or that there has been good cause for her delay.[3] The court-imposed December 15, 2016 deadline, which provided plaintiff an additional 42 days, has passed. As of that date,

---

[3] The Sixth Circuit, as part of a discussion analyzing whether good cause for failure to serve had been established, suggests that courts should "construe Rule 4 'leniently'" when a plaintiff is *pro se*. Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 520-22 (6th Cir. 2006) (quoting Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994)). Here, Ahneman is *pro se*, but she has not attempted to explain her actions or set forth any facts or argument to establish good cause for her delay.

the plaintiff had 184 days total from the filing of the complaint – over half a year and more than double the 90 days allotted for timely service pursuant to Rule 4 – to effect service. Ahneman was warned that failure to comply with the court's order may result in dismissal. Under these circumstances, the court may *sua sponte* dismiss Ahneman's complaint without prejudice. See Pearison v. Pinkerton's Inc., 90 F. App'x 811, 812-13 (6th Cir. 2004) (citing Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996)) ("Upon review, we conclude that the district court did not abuse its discretion when it dismissed Pearison's complaint against the individual defendants pursuant to Fed. R. Civ. P. 4(m). . . . Pearison has not shown good cause for his failure under Rule 4(m). He did not make a reasonable, diligent effort to timely effect service of process."). Additionally, the defendant has filed a motion requesting identical relief on the same grounds. The defendant has moved the court for dismissal without prejudice due to insufficient service of process, based on plaintiff's failure to timely serve, see Fed. R. Civ. P. 4(m) & 12(b)(5), and, on these facts, it is recommended that the motion be granted.[4] See

---

[4] FedEx also moves for dismissal for insufficient process pursuant to Rule 12(b)(4); however, "Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service," and, thus, is not applicable here where there has been no process delivered at all. 5B Fed. Prac. & Proc. Civ. § 1353 (3d ed.). "A Rule 12(b)(5) motion is the proper vehicle for

Nafziger v. McDermott Int'l, Inc., 467 F.3d 514, 520-22 (6th Cir. 2006) (finding that the district court did not abuse its discretion in granting defendant's Rule 12(b)(5) motion to dismiss for insufficient service of process when the district court determined that plaintiff did not establish good cause for waiting "more than half a year before attempting" to perfect service of its amended complaint, even after being notified by defendant that service had not been perfected); Correa v. Rubin Lublin TN, PLLC, No. 15-2135-STA-cgc, 2015 WL 5232081, at *3 (W.D. Tenn. Sept. 8, 2015) ("Plaintiff's failure to serve U.S. Bank is grounds for dismissal under Rule 12(b)(5) as well as [Rule] 4(m)," and dismissal "would be proper for these reasons alone.").

### III. RECOMMENDATION

It is recommended that the defendant's motion to dismiss without prejudice be granted and that the plaintiff's complaint be dismissed without prejudice. See Fed. R. Civ. P. 4(m) & 12(b)(5).

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 27, 2016
Date

---

challenging the mode of delivery or the lack of delivery of the summons and complaint." Id. (internal footnote omitted).

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**