IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PATRICIA M. AHNEMAN, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 2:16-cv-02422-JTF-tmp |
| | ) |
| FEDERAL EXPRESS CORPORATION, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Defendant's Motion to Dismiss filed on November 4, 2016. (ECF No. 7). This case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013). On December 27, 2016, the Magistrate Judge issued his Report and Recommendation that Defendant's Motion to Dismiss be granted. (ECF No. 12). To date, no objections have been filed.

After reviewing *de novo* the Magistrate Judge's Report and Recommendation, Defendants' Motion, and the entire record, the Court hereby ADOPTS the Magistrate Judge's Report and Recommendation.

**FINDINGS OF FACT**

This Court adopts the Magistrate Judge's proposed findings of fact in this case. *See* (ECF No. 8).

## **LEGAL STANDARD**

### A. Standard for District Court's Review of a Report and Recommendation

The district court has the authority to refer certain pre-trial matters to a magistrate judge for resolution. 28 U.S.C. § 636(b); *Callier v. Gray*, 167 F.3d 977, 980 (6th Cir. 1999). These referrals may include non-dispositive pretrial matters, such as a motion to compel or a motion for a protective order concerning discovery. 28 U.S.C. § 636(b)(1)(A). The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to such a referral. Fed. R. Civ. P. 72. The referrals may also include dispositive matters such as a motion for summary judgment or a motion for injunctive relief. 28 U.S.C. § 636(b)(1)(B). When a dispositive matter is referred, the magistrate judge's duty is to issue proposed findings of fact and recommendations for disposition, which the district court may adopt or not. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. If the magistrate judge issues a non-dispositive pretrial order, the district court should defer to that order unless it is "found to be clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). However, if the magistrate judge order was issued in response to a dispositive motion, the district court should engage in *de novo* review of all portions of the order to which specific written objections have been made. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 *2 (6th Cir. 2003) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for non[-]dispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard.").

### B. Standard for Motion To Dismiss

When assessing a plaintiff's claim at the Fed. R. Civ. P. 12 (b)(6) motion to dismiss stage, the Sixth Circuit has stated that a complaint must allege sufficient facts to state a plausible claim for relief, and that a reviewing court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "*Pro se* complaints are held to a less stringent standard than pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.") (internal quotation marks omitted).

## ANALYSIS

The Magistrate Judge recommends that Plaintiff's Complaint be dismissed without prejudice. Rule 4 of the Federal Rules of Civil Procedure requires the Plaintiff to serve the Defendant with a properly issued summons and a copy of the complaint within 90 days of filing the complaint, absent a showing by the Plaintiff of good cause for delay. *See* Fed. R. Civ. P. 4(c)(1) & 4(m). The court-imposed December 15, 2016 deadline, which provided Plaintiff an additional 42 days, has passed. To date, Plaintiff still has not served Defendant. Under these circumstances, the Magistrate Judge states that the Court may *sua sponte* dismiss Plaintiff's complaint without prejudice. *See Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 812-13 (6th Cir. 2004) (citing *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)). Additionally, the Magistrate Judge states that Defendant has filed a Motion to Dismiss requesting identical relief on the same grounds. *See* (ECF No. 7).

## **CONCLUSION**

For the reasons set forth above, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss is Granted, and Plaintiff's Complaint is dismissed without prejudice.

**IT IS SO ORDERED** on this 15th day of February, 2017.

*s/John T. Fowlkes, Jr.*
John T. Fowlkes, Jr.
United States District Judge